**In re ADVANCED ELECTRONICS, INC., Debtor.**

**Bankruptcy No. 5–89–00221.**

United States Bankruptcy Court, M.D. Pennsylvania.

April 18, 1989.

See also, Bkrtcy., 99 B.R. 249.

Charles A. Szybist, Williamsport, Pa., for petitioning Creditors, Star, Supra & Okidata.

Allen E. Ertel, Williamsport, Pa., for Philip Courtright.

Elliott B. Weiss, Williamsport, Pa., for Mark Reeder.

MEMORANDUM AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

In this petition filed under 11 U.S.C. § 303(b)(1), Star Micronics America, Inc., Supra Corporation, Okidata, Division of Oki America, Inc., filed an Involuntary Chapter 11 petition against Advanced Electronics, Inc. as of March 17, 1989. Additionally, petitioners on the same date have filed a Motion for the Appointment of a Chapter 11 Trustee.

Section 303(b)(1) of the Bankruptcy Code, 11 U.S.C. § 303(b)(1), provides:

(b) An involuntary case against a person is commenced by the filing with the Bankruptcy Court of a petition under Chapter 7 or 11 of this Title

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, or an indenture trustee representing such a holder …"

On or about March 21, 1989, the President of Advanced Electronics, Inc., and a 50% shareholder, Mark W. Reeder, filed a Motion to Appoint a Trustee. The said Mark

W. Reeder also filed an answer admitting material averments of the aforesaid Involuntary Chapter 11 petition.

On March 28, 1989 an expedited hearing was set on the Involuntary Petition and the Appointment of a Trustee for April 5, 1989.

On March 31, 1989, Compro Distributing, Inc. and Philip A. Courtright filed an answer denying the material allegations of the Involuntary Petition.

Petitioning creditors, Star Micronics America, Inc., Supra Corporation and Okidata, Division of Oki America, Inc., prior to the hearing on April 10, 1989, moved to strike the answers filed by Philip A. Courtright and Mark W. Reeder as being in violation of the Pennsylvania Business Corporation Law and not representing an authorized corporate response. Section 1319 of the Business Corporation Law reads as follows:

§ 1319. Insolvency or bankruptcy.

Whenever a business corporation shall be insolvent or in financial difficulty, the board of directors may, by resolution and without the consent of the shareholders, authorize and designate the officers of the corporation to execute a deed of assignment for the benefit of creditors, or file a voluntary petition in bankruptcy, or file an answer consenting to the appointment of a receiver upon a bill in equity filed by creditors or shareholders, or, if insolvent, file an answer to an involuntary petition in bankruptcy admitting the insolvency of the corporation and its willingness to be adjudged a bankrupt on that ground.

Said motions to strike were immediately granted and in answer to questions put to counsel representing the individual shareholders it was clear that neither was properly authorized by the alleged debtor to represent it in the proceeding about to start. In view of this, said counsel were advised that they lacked standing to participate in the proceeding in any way. This position was slightly modified to allow either or both lawyers to question witnesses on matters of jurisdiction. Neither one availed himself of the opportunity.

Prior to the commencement of this hearing, the Court considered the possible application of Bankruptcy Rule 1013(b).

Rule 1013. Hearing and Disposition of Petition in Involuntary Cases.

(a) Contested Petition. The court shall determine the issues of a contested petition at the earliest practicable time and forthwith enter an order for relief, dismiss the petition, or enter other appropriate orders.

(b) Default. If no pleading or other defense to a petition is filed within the time provided by Rule 1011, the court, on the next day, or as soon thereafter as praticable, shall enter an order for relief prayed for in the petition.

Because of the fact that answers were filed in behalf of individual shareholders, however, the Court was somewhat deterred from doing so. Similarly, due to the ambiguity created by the consideration of Bankruptcy Rule 1018 which deals with contested Involuntary Petitions and omits Bankruptcy Rule 7055, which deals with the subject of default, in its first paragraph it was decided out of abundance of caution not to consider the entry of an order for relief by default.

From the testimonial and documentary evidence offered by the petitioning creditors, we make the following Findings of Fact. These are identical in all respects by those proposed by counsel for the petitioning creditors and adopted as findings by the Court:

1. Star Micronics America, Inc., of 200 Park Avenue, New York, New York, 10166, holds a claim against Advanced Electronics, Inc., in the amount of $433,649.11; $81,047.60 only of the claim is disputed by Advanced Electronics, Inc. The balance of $352,601.51 is not disputed. The claim of Star Micronics, Inc. against Advanced Electronics, Inc. is not contingent in any way.

2. Supra Corporation, of 1133 Commercial Way, Albany, Oregon, 97321, holds a claim against Advanced Electronics, Inc., in the amount of $14,270.15. The Supra Corporation claim is not contingent or disputed in any.

3. Okidata, Division of Oki American, Inc., of 532 Fellowship Road, Mt. Laurel, New Jersey, 08054, holds a claim against Advanced Electronics, Inc., in the amount of $35,380.58. The Okidata, Division of Oki American, Inc. claim is not contingent or disputed in any way.

4. Advanced Electronics, Inc., is a Pennsylvania corporation having an office and principal place of business at 3500 West Fourth Street, Williamsport, Pennsylvania, 17701.

5. Advanced Electronics, Inc., principal place of business and principal assets have been in Williamsport, Lycoming county for 180 days preceding the filing of the Involuntary Petition.

6. Advanced Electronics, Inc., is a person against whom an Order for Relief may be entered under Title 11 of the U.S.Code.

7. On March 13, 1989, President Judge Thomas C. Raup, entered an Order authorizing a writ of seizure under an action of replevin brought by Chrysler First Wholesale Credit, Inc. that authorized seizure of Debtor's inventory on an outstanding past due indebtedness in excess of $534,000.00. Said action is docketed to Lycoming County 89–00461.

8. The writ of seizure was issued under a replevin action brought by Chrysler First Wholesale Credit, Inc. on March 10, 1989, based on defaults of Advanced Electronics, Inc., including:

(a) the withdraw on March 8, 1989 of the guarantees of Philip A. Courtright and Lyco delivered to Chrysler First Wholesale Credit, Inc. These guarantees were previously given as collateral security for Advanced Electronics, Inc. financing, by Computer Marketing and Consultants, Inc. and Philip A. Courtright;

(b) the non-clearance and non-payment of an Advanced Electronics, Inc. check in the amount of $220,000.00 given by Advanced Electronics, Inc. on its obligations to Chrysler First Wholesale Credit, Inc. under which said check was returned NSF; and

(c) the issuance of a court opinion by President Judge Thomas C. Raup on March 3, 1989 under which purported meetings of shareholders and board of directors of Advanced Electronics, Inc. held after August 10, 1983 were held to be a nullity.

(9) The writ of seizure issued on March 10, 1989 by William J. Burd, Prothonotary of Lycoming County, directed the sheriff of Lycoming County to seize all property of Advanced Electronics, Inc. on the premises of 3500 West Fourth Street, Williamsport, Pennsylvania, 17703.

(10) The sheriff, pursuant to the authorization issued under said writ of seizure, has in fact, seized and taken control of and possession of, on behalf of Chrysler First Wholesale Credit, Inc., all inventory of Advanced Electronics, Inc.

(11) Check # 2403 of Advanced Electronics, Inc. dated March 3, 1989 payable to Supra Corporation in the amount of $10,-299.50 was not honored by Williamsport National Bank.

(12) An official of Williamsport National Bank advised Supra Corporation President, John Wiley, that the $10,299.50 check dated March 3, 1989 payable to Supra Corporation was not honored because court documentation was received by Williamsport National Bank in early March, 1989 putting the bank on notice that it was not an authorized depository of Advanced Electronics, Inc.

(13) The $220,000.00 check of Chrysler First Wholesale Credit, Inc. was returned by Williamsport National Bank marked NSF and not paid.

(14) In addition to the Chrysler First Wholesale Credit, Inc. check of $220,000.00 and Supra Corporation check of $10,299.50 and four (4) other checks were returned by Williamsport National Bank and not honored and not paid.

(15) No checks, whatsoever, have been paid or honored by Williamsport National Bank of Advanced Electronics, Inc. since March 6, 1989.

(16) Frank Beattie, the operations manager of Williamsport National Bank, testified that the last deposit in the Advanced Electronics, Inc. account was made on March 9, 1989.

(17) Frank Beattie testified that from March, 1988 until early March of 1989, Williamsport National Bank had acted as the depository for Advanced Electronics, Inc.

(18) At least four other checks, other than to Chrysler First Wholesale Credit, Inc. and Supra Corporation, that were returned unpaid by Williamsport National Bank, were given to vendors of Advanced Electronics, Inc. supplying goods and services were also returned unpaid by Williamsport National Bank.

(19) Williamsport National Bank had received a document on or about March, 1988 that purported to be a corporate resolution authorizing Williamsport National Bank to act as a depository for Advanced Electronics, Inc.

(20) The depository authorization resolution of Advanced Electronics, Inc., along with other actions of Advanced Electronics, Inc., was held to be a nullity by virtue of the court order filed and opinion by President Judge Thomas C. Raup, dated March 3, 1989 in two cases in Lycoming County docketed respectively, 88–02149 and 88–02159.

(21) No answer was filed by Debtor, Advanced Electronics, Inc., in response to the summons and Involuntary Petition.

(22) The court opinion of Judge Raup dated March 3, 1989 held that Mark W. Reeder and Philip A. Courtright were held to be 50% owners of the stock of Advanced Electronics, Inc. with Mark W. Reeder to be the President and Philip A. Courtright to be Vice–President, Secretary and Treasurer of the corporation.

(23) Mark W. Reeder, 50% shareholder and President of Advanced Electronics, Inc. filed an answer to the Involuntary Petition substantially admitting all of the averments of the Involuntary Petition filed by petitioning creditors, Star Micronics of America, Inc., Supra Corporation, and Okidata, Division of Oki America, Inc.

(24) Philip A. Courtright, 50% shareholder and Vice–President, Secretary and Treasurer of Advanced Electronics, Inc. filed an answer substantially denying all of the averments of creditor petition.

(25) Petitioning creditors, Star Micronics of America, Inc., Supra Corporation, and Okidata, Division of Oki America, Inc., moved to strike the answers filed by Philip A. Courtright and Mark W. Reeder as being in violation of law and not being an authorized corporate response.

(26) Allen E. Ertel, Esquire, advised the court, in open court on April 10, 1989, that an impasse existed between Philip A. Courtright and Mark W. Reeder so no corporate response could be filed.

(27) All of the inventory of Debtor, Advanced Electronics, Inc. is now under the control and custody of Chrysler First Wholesale Credit, Inc., by virtue of the writ of seizure issued on March 10, 1989. Some of this inventory has already been removed from the 3500 West Fourth Street premises while some of the inventory still remains on the premises.

(28) No checks have been honored or paid by the previously designated depository, Williamsport National Bank, since March 6, 1989.

(29) The previously authorized depository, Williamsport National Bank, will not accept deposits in the account because of notice from the court that it is not an authorized depository.

(30) Petitioners, Star Micronics of America, Inc., Supra Corporation, and Okidata, Division of Oki America, Inc., hold claims against Advanced Electronics, Inc. in a sum in excess of $5,000.00.

(31) Advanced Electronics, Inc., is a Pennsylvania corporation having an office and principal place of business at 3500 West Fourth Street, Williamsport, Pennsylvania, 17701.

(32) Advanced Electronics, Inc., principal place of business and principal assets have been in Williamsport, Lycoming County for 180 days preceding the filing of the Involuntary Petition.

(33) Advanced Electronics, Inc., is a person against whom an Order for Relief may be entered under Title 11 of the U.S.Code.

(34) Advanced Electronics, Inc. is generally not paying its debts which are not subject to bona fide dispute as they become due.

In view of the foregoing, we enter the following Order.

## ORDER

Upon consideration of the involuntary petition for relief under chapter 11 of title 11 of the United States Code filed by Star Micronics America, Inc., Supra Corporation, and Okidata, Division of Oki America, Inc., and hearing held thereon, it is

ORDERED that consistent with the findings of fact and conclusions of law hereinabove set forth, it is further

ORDERED that relief under chapter 11 of title 11 of the United States Code be, and it hereby is, granted against Advanced Electronics, Inc.;

IT IS FURTHER ORDERED that a certified copy of this be transmitted forthwith to the United States Trustee for this District.

See also, Bkrtcy., 99 B.R. 245.